UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSIE BADGER and ALEXANDRA MARTINEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION; SEARS, ROEBUCK & COMPANY; and, KMART HOLDING CORPORATION,<br><br>    Defendants. | Case No.<br><br>Filed Electronically |

### CLASS ACTION COMPLAINT

COME NOW, Josie Badger and Alexandra Martinez ("Plaintiffs") on behalf of themselves and all others similarly situated and allege as follows:

### INTRODUCTION

1. Plaintiffs bring this action individually and on behalf of all others similarly situated against Sears Holdings Corporation; Sears, Roebuck & Company; and, Kmart Holding Corporation ("Defendants"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations, in connection with accessibility barriers in the parking lots and paths of travel at various public accommodations that Defendants own, operate, control, and/or lease ("Defendants' facilities").

2. Plaintiff Josie Badger ("Plaintiff Badger") has a mobility disability and is limited in the major life activity of walking. Because of this mobility disability, she depends upon a wheelchair for mobility.

3. Plaintiff Alexandra Martinez ("Plaintiff Martinez") suffers from Spina Bifida and

is limited in the major life activity of walking. Because of this mobility disability, she depends upon a wheelchair for mobility.

4. Plaintiffs have visited Defendants' facilities and were denied full and equal access as a result of Defendants' inaccessible parking lots and paths of travel.

5. Plaintiffs' experiences are not isolated—Defendants have systematically discriminated against individuals with mobility disabilities by implementing policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendants' facilities.

6. In fact, numerous facilities owned, controlled and/or operated by Defendants have parking lots and paths of travel that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision making Defendants employ with regard to the design, construction, alteration, maintenance and operation of its facilities causes access barriers, and/or allows them to develop and persist at Defendants' facilities.

7. Unless Defendants are required to remove the access barriers described below, and required to change its policies and practices so that access barriers do not reoccur at Defendants' facilities, Plaintiffs and the proposed Class will continue to be denied full and equal access to those facilities as described, and will be deterred from fully using Defendants' facilities.

8. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiffs seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of…this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the…modification of a policy….

42 U.S.C. § 12188(a)(2).

9. Consistent with 42 U.S.C. § 12188(a)(2) Plaintiffs seeks a permanent injunction requiring:

   a) that Defendants remediate all parking and path of travel access barriers at its facilities, consistent with the ADA;

   b) that Defendants change their corporate policies and practices so that the parking and path of travel access barriers at its facilities do not reoccur; and,

   c) that Plaintiffs' representatives shall monitor Defendants' facilities to ensure that the injunctive relief ordered pursuant to Paragraph 9(a) and 9(b) has been implemented and will remain in place.

10. Plaintiffs' claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiffs seek injunctive relief for their own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate….Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

11. The ADA was enacted over a quarter century ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

12. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

13. Title III of the ADA generally prohibits discrimination against individuals with

disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

14. Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

15. Restaurants, like Defendant, are public accommodations. 42 U.S.C. § 12181(7).

16. Title III and its implementing regulations define discrimination to include the following:

> a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);
>
> b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);
>
> c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and
>
> d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

17. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. 12188(a)(1).

18. The ADA also provides for specific injunctive relief, which includes, but is not limited to, the following:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include…modification of a policy…to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

19. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

20. Plaintiffs' claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

21. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

22. Plaintiff Badger is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. As described above, as a result of her disability, Plaintiff Badger relies upon a wheelchair for mobility. She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

23. Plaintiff Martinez, is and, at all times relevant hereto, was a resident of South Euclid, OH. As a result of her disability, Plaintiff Martinez relies upon a wheelchair for mobility, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

23. Defendants are headquartered at 3333 Beverly Road, Hoffman Estates, Illinois

60179.

24. Defendants operate a national network of stores with 1,430 full-line and specialty retail stores under the Kmart and Sears names. Defendants are public accommodations pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

### 1. Plaintiffs were Denied Full and Equal Access to Defendants' Facilities.

25. Plaintiffs have visited Defendants' location at 996 West View Park Drive, Pittsburgh, PA (the "Subject Property"), where they experienced unnecessary difficulty and risk due to excessive slopes in the purportedly accessible parking spaces.

26. As a result of Defendant's non-compliance with the ADA, Plaintiffs' ability to access and safely use Defendants' facilities have been significantly impeded.

27. Plaintiff Badger lives north of Pittsburgh, Pennsylvania in the Ellwood City/Wampum area and travels throughout the region frequently to visit friends. In addition, Plaintiff Badger travels throughout the region to conduct trainings at high schools related to anti-bullying and disability acceptance. Plaintiff Badger has been to the Subject Property, including in the last year.

28. Despite her difficulties, Plaintiff Badger plans to return to the property in the future.

29. Furthermore, Plaintiff Badger intends to return to Defendants' facilities to ascertain whether those facilities remain in violation of the ADA.

30. Plaintiff Martinez lives in Ohio and travels throughout the Western Pennsylvania region frequently for wheelchair weightlifting and dance events and to visit friends. Plaintiff Martinez has been to the Subject Property, including in the last year.

31. Despite her difficulties, Plaintiff Martinez plans to return to the property in the future.

32. Furthermore, Plaintiff Martinez intends to return to Defendants' facilities to ascertain whether those facilities remain in violation of the ADA.

33. Plaintiffs will be deterred from returning to and fully and safely accessing Defendants' facilities, however, so long as Defendants' facilities remain non-compliant, and so long as Defendants continue to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at their facilities.

34. Without injunctive relief, Plaintiffs will continue to be unable to fully and safely access Defendants' facilities in violation of their rights under the ADA.

35. As individuals with mobility disabilities who are dependent upon a wheelchair, Plaintiffs are directly interested in whether public accommodations, like Defendants, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

**2. Defendants Repeatedly Deny Individuals With Disabilities Full and Equal Access to their Facilities.**

36. Defendants, as the owner, controller and/or operator of their facilities, employ centralized policies, practices and procedures with regard to the design, construction, alteration, maintenance and operation of the facilities.

37. To date, Defendants' centralized design, construction, alteration, maintenance and operational policies and practices have systematically and routinely violated the ADA by designing, constructing and altering facilities so they are not readily accessible and usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendants' facilities are maintained.

38. On Plaintiffs' behalf, investigators examined multiple locations owned, controlled, and/or operated by Defendants, and found the following violations, which are illustrative of the

fact that Defendants implement policies and practices that routinely result in accessibility violations:

    e) 996 West View Park Drive, Pittsburgh, PA (Subject Property )

        i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

    f) 1500 Robinson Center Drive, Pittsburgh, PA

        i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

    g) 9505 Colerain Avenue, Cincinnati, OH

        i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

    h) 8501 W. Bowles Avenue, Littleton, CO

        i. A curb ramp located on the route to the building entrance had a running slope exceeding 8.3%;

        ii. A curb ramp located on the route to the building entrance had a flare with a slope exceeding 10.0%; and,

        iii. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

    i) 2765 South Hamilton Road, Columbus, OH

        i. No spaces were designated as "accessible"; and,

        ii. A vertical change in direction of more than ¼ inch obstructed the route to the entrance.

38. The fact that individuals with mobility-related disabilities are denied full and equal access to numerous of Defendants' facilities, and the fact that each of these facilities deny access

by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiffs experienced is not isolated, but rather, caused by Defendants' systemic disregard for the rights of individuals with disabilities.

39. Defendants' systemic access violations demonstrate that Defendants either employ policies and practices that fail to design, construct and alter its facilities so that they are readily accessible and usable, and/or that Defendants employ maintenance and operational policies and practices that are unable to maintain accessibility.

40. As evidenced by the widespread inaccessibility of Defendants' parking facilities, absent a change in Defendants' corporate policies and practices, access barriers are likely to reoccur in Defendants' facilities even after they have been remediated. Accordingly, Plaintiffs seek an injunction to remove the barriers currently present at Defendants' facilities and an injunction to modify the policies and practices that have created or allowed, and will create and allow, inaccessibility to affect Defendants' network of facilities.

## CLASS ALLEGATIONS

41. Plaintiffs bring this class action, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of themselves and the following nationwide class: all wheelchair users who have attempted, or will attempt, to utilize the parking facilities at all locations within the United States for which Defendants own and/or control the parking facilities.

42. <u>Numerosity:</u> The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court, and will facilitate judicial economy.

43.     Typicality: Plaintiffs' claims are typical of the claims of the members of the class. The claims of Plaintiffs and members of the class are based on the same legal theories and arise from the same unlawful conduct.

44.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described.

45.     Adequacy of Representation: Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

46.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

## SUBSTANTIVE VIOLATION

47.     The allegations contained in the previous paragraphs are incorporated by reference.

48.     Defendants' facilities were altered, designed, or constructed, after the effective date of the ADA.

49. Defendants' facilities are required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

50. Further, the accessible features of Defendants' facilities, which include the parking lots and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 U.S.C. § 36.211.

51. The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, and/or that Defendants' facilities were not maintained so as to ensure that they remained accessible to and usably by individuals who use wheelchairs.

52. Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

53. Defendants' repeated and systemic failures to design, construct and alter facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of their facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

54. Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

55. Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facilities. 42 U.S.C. § 12182(a).

56. Defendants have failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facilities.

57. Defendants have discriminated against Plaintiffs and the Class in that they have failed to make their facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

58. Defendants' conduct is ongoing and continuous, and Plaintiffs have been harmed by Defendants' conduct.

59. Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiffs and the Class.

60. Given that Defendants have not complied with the ADA's requirements to make their facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiffs invoke their statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the class, pray for:

a. A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendants to: (i) take all steps necessary to remove the architectural barriers described above and to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) that Defendants change their corporate policies and practices to prevent the reoccurrence of access barriers post-remediation; and, (iii) that Plaintiffs shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c. An Order certifying the class proposed by Plaintiffs, and naming Plaintiffs as class representatives and appointing their counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: May 11, 2017                                  Respectfully Submitted,

By: */s/ Benjamin J. Sweet*
Benjamin J. Sweet (PA 87338)
Stephanie K. Goldin (PA 202865)
Kevin W. Tucker (PA 312144)
**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(p) 412.322.9243